**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAJESH PANDYA,<br><br>*Plaintiff,*<br><br>v.<br><br>LTI MINDTREE; L&T TECHNOLOGY SERVICES; SEKHARIPURAM NARAYANAN SUBRAHMANYAN; SUDHIR CHATURVEDI; NACHIKET DESHPANDE,<br><br>*Defendants.* | Civil Action No. 23-04094<br><br>**OPINION & ORDER** |

**Jamel K. Semper, U.S.D.J.**

In this matter, Plaintiffs Rajesh Pandya ("Plaintiff"), alleges that Defendants terminated his employment due to his age, race, United States Citizenship and/or whistleblowing activities. Plaintiff asserts claims under the New Jersey Law Against Discrimination ("LAD") and the Conscientious Employee Protection Act ("CEPA"), amongst others. The subject of this Opinion and Order is based upon Defendants LTIMindtree Limited and L&T Technology Services Limited's (collectively "Corporate Defendants") motion to compel arbitration. (ECF 22.) Plaintiff filed a brief in opposition, (ECF 35), to which Corporate Defendants replied. (ECF 44.) The Court reviewed the parties' submissions[1] and decided the motions with in-person oral argument being

---

[1] For purposes of this Opinion, the Court refers to Corporate Defendants brief in support of their motion, (ECF 22), as "Corp. Def. Br."; Plaintiff's opposition brief to the motion, (ECF 35), as "Pl. Br."; and Corporate Defendants reply, (ECF 44), as "Corp. Def. Reply."

held on March 21, 2024. For the reasons stated below, Defendants' motions to compel arbitration is **DENIED without prejudice.**

    I.        **MOTION TO COMPEL ARBITRATON**

The Corporate Defendants argue this Court must compel Plaintiffs to arbitrate their claims. (ECF 22, Corp. Def. Br. at 12-13.) However, as a threshold issue, whether the Court construes this motion as a motion to dismiss under Federal Rule of Civil Procedure 12 or a motion for summary judgment impacts what information the Court can consider, and potentially, the outcome of the Corporate Defendants' motion. "Where the affirmative defense of arbitrability of claims is apparent on the face of the complaint (or . . . documents relied upon in the complaint)", courts should apply the Rule 12(b)(6) standard to decide a motion to compel arbitration. *Guidotti v. Legal Helpers Debt Resol., L.L.C*., 716 F.3d 764, 773 (3d Cir. 2013) (quoting *Somerset Consulting, LLC v. United Cap. Lenders, LLC*, 832 F. Supp. 2d 474, 481 (E.D. Pa. 2011)). The Rule 12(b)(6) standard, however, is inappropriate when the complaint does not contain the "requisite clarity to establish on its face that the parties agreed to arbitrate, or the opposing party has come forth with reliable evidence that is more than a naked assertion . . . that it did not intend to be bound by the arbitration agreement[.]" *Id.* at 774 (internal quotations and citations omitted).

In *Guidotti*, the Third Circuit explained that in a situation of "arbitrability not being apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record" and "the issue should be judged under the Rule 56 standard." *Id*. at 774 (citations omitted). Here, the Complaint does not reference any arbitration agreement. Rather, the Corporate Defendants maintain that Plaintiff must arbitrate their claims pursuant to the Indian Arbitration Act, 1940 and/or the Indian Arbitration & Conciliation Act, 1996 (Corp. Def. Br. at 6-9.) Accordingly, the Court must go beyond the face of the pleading to

address the Management Defendants' argument for arbitration. In doing so, the court uses the Rule 56 standard to "ensur[e] that arbitration is awarded only if there is an express, unequivocal agreement to that effect." *Guidotti*, 716 F.3d at 773 (internal quotation omitted). The *Guidotti* court further explained that:

> [I]f the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on the question. After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard.

*Id.* at 776; *see also Robert D. Mabe, Inc. v. OptumRX*, 43 F.4th 307, 317 (3d Cir. 2022) (explaining that after the plaintiffs "brought forth sufficient facts to place the arbitration agreements in question," they should have been allowed limited discovery on the issue of arbitrability before the defendant had an opportunity to file a renewed motion to compel arbitration).

Plaintiff has responded to the Corporate Defendants' motion with additional facts sufficient to place the agreement to arbitrate in issue. These include, but are not limited to, Plaintiff's assertions that:

- Plaintiff never signed the 2003 deputation letter and that his signature was forged (ECF 35, Pl. Br. at 6.)
- The 1999 and 2003 Deputation letters are expired by their terms and did not persist (*Id*. at 13.)[2]
- The Deputation Letters did not govern Plaintiff's permanent United States Employment (*Id*. at 14.)
- Plaintiff never signed an arbitration agreement affecting his United States employment at any time, in part, because he was an at-will employee (*Id.* at 8, 13.)

---

[2] The court notes the referenced deputation agreements contained explicit expiration dates within the four corners of the agreements themselves. (ECF 1, Compl. Exs. K, M.) This explicitly raises questions germane to arbitrability and whether the underlying arbitration clauses were expired on their face along with the entire deputation agreement. *Pittsburgh Mailers Union Local 22 v. PG Publ'g Co. Inc.*, 30 F.4th 184, 189 (3d Cir. 2022).

"Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960). Therefore, "[b]efore compelling a party to arbitrate pursuant to the [Federal Arbitration Act], a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009) (citing *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156 (3d Cir. 2009)). The Corporate Defendants point to the 1999 and 2003 deputation letters as a showing that there was an agreement to arbitrate. However, in response, Plaintiff has brought forth sufficient facts to place the arbitration agreements in question. Therefore, because the Corporate Defendants do not establish that there is an express, unequivocal agreement to arbitrate any claims with Plaintiff, the Court cannot compel arbitration at this time.[3]

Accordingly, the Corporate Defendants' motion to compel arbitration is denied without prejudice. The Court will provide the parties with limited discovery as to the issue of arbitrability. After this discovery, the Corporate Defendants may renew their motion to compel arbitration.

## II.   CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 22nd day of March 2024,

**ORDERED** that Corporate Defendants motion to compel arbitration, (ECF 22), is **DENIED without prejudice**. The parties are provided with an opportunity to conduct limited discovery as to the issue of arbitrability. The parties shall contact Magistrate Judge Clark within

---

[3] An agreement to arbitrate, like any other contract, "must be the product of mutual assent, as determined under customary principles of contract law." *Atalese v. U.S. Legal Servs. Grp., L.P.*, 99 A.3d 306 (2014). Section 2 of the FAA "permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, (2011) (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681 (1996).

ten (10) days from the date of entry of this Opinion and Order to discuss a schedule for such discovery.

                                                   */s/  Jamel K. Semper*
                                                 **HON. JAMEL K. SEMPER**
                                                 **United States District Judge**

Orig:   Clerk
cc:     Parties
         James B. Clark, U.S.M.J.